(ORIGINAL)

JURY DEMAND

1    Tim McLanahan, pro se
    10518 #2 Park Road
2    Moses Lake, Washington  98837
    (509) 771-3705
3

**FILED**
CLERK, U.S. DISTRICT COURT

01/13/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

4

5    LODGED
    CLERK, U.S. DISTRICT COURT
6

    DEC 2 0 2013
7

    CENTRAL DISTRICT OF CALIFORNIA   DEPUTY
8

N/S   9

10   UNITED STATES DISTRICT COURT
11   LOS ANGELES, CALIFORNIA

No CV30 provided

12   Timothy Patrick McLanahan,      )
13                Plaintiff   )
    Vs.                        )
14

**CV13-09381 BRO (PLAx)**

15   Brad Grey, CEO Paramount Pictures, )
              Defendant   )
16                        )

Case No._____

17   Paramount Pictures,         )
              Defendant   )
18                        )

Civil suit for copyright
infringements, intellectual
property theft, and age
discrimination

19   David Ellison, Skydance Pictures, )
              Defendant   )
20                        )

21   Skydance Pictures,         )
              Defendant   )
22                        )

23   Tom Cruise,            )
              Defendant   )
24                        )

RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 1 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

25   Cruise/Wagner Productions,    )
              Defendant   )
26

.J. Abrams,                              )
                         Defendant      )
                                         )
Brian Burke,                            )
                         Defendant      )
                                         )
Bad Robot, Inc.,                        )
                         Defendant      )
                                         )
Stilking Films,                         )
                         Defendant      )
                                         )
Film Works,                             )
                         Defendant      )
                                         )
Julie Smythe,                           )
                         Defendant      )

I.  Venue and Jurisdiction:

This civil suit is being brought under 28 U.S.C. sec.1331 under a federal

question issue of violations of the Copyright Act, Title 17, U.S. Code, as

well as federal age discrimination law.  This suit is also being brought under

diversity of citizenship as the plaintiff is a resident of Washington State, and

the defendants are residents of the Los Angeles area..

Venue is proper in the U.S. District Court in Los Angeles because this is

where the defendents reside.

II.  Background:

In 1998, I had written a screen play called "Head On".  After submitting it to

the U.S. Copyright Office, Head On received a copyright certificate

protecting it's material and author (me) from unauthorized used and invasio

on June 30, 1998.

After I sent Head On to the William Morris Agency in Hollywood,

California for them to evaluate the script for a possible movie, I was told by

that agency that they could not use it as a movie.  However, shortly

afterwards, five top agents from William Morris broke away to form a new

agency called "Creative Artist Agency" (CAA) in 1975.

Although I never authorized my Head On script to be sent to Creative Artist

Agency by William Morris, William Morris still sent the script to CAA and

then shopped the script all around the world, including Tom Cruise's Rick

Nicita, top agent with Creative Artist Agency.

Tom Cruise is/was partners with Rick Nicita's wife (Paula Wagner) who did

many production deals with Paramount/CBS/Viacom Corporation.

Upon reviewing and watching the script and movie of Ghost Protocol, I

immediately recognized that the scripts for this movie had been illegally

written and produced from Head On's 1998 copyright.  Ghost Protocol was

released on December 16, 2010 and this lawsuit is being filed within three

years of when that movie was released.

II.  Copyright Violation Damages:

Section 106 of the copyright law provides the owner of copyright in a work

the exclusive right:

1Page __3__ of __11__                                    Tim McLanahan, pro se

- To reproduce the work in copies;
- To prepare derivative works based upon the work;
- To distribute copies of the work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
- To perform the work publicly;
- To display the copyrighted work publicly
- In the case of sound recordings, to perform the work publicly by means of a digital audio transmission.

In addition, under section 501, the Copyright law provides the following when a copyright is infringed under section 501 of the act:

"§ 501. Infringement of copyright[3]

   (a) Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be. For purposes of this chapter (other than section 506), any reference to copyright shall be deemed to include the rights conferred by section 106A(a). As used in this subsection, the term "anyone" includes any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this title in the same manner and to the same extent as any nongovernmental entity.

   (b) The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it. The court may require such owner to serve written notice of the action with a copy of the complaint upon any person shown, by the records of the Copyright Office or otherwise, to have or claim an interest in the copyright, and shall require that such notice be served upon any person whose interest is likely to be affected by a decision in the case. The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright.

   (c) For any secondary transmission by a cable system that embodies a

Tim McLanahan, pro se

performance or a display of a work which is actionable as an act of infringement under subsection (c) of section 111, a television broadcast station holding a copyright or other license to transmit or perform the same version of that work shall, for purposes of subsection (b) of this section, be treated as a legal or beneficial owner if such secondary transmission occurs within the local service area of that television station.

(d) For any secondary transmission by a cable system that is actionable as an act of infringement pursuant to section 111(c)(3), the following shall also have standing to sue: (i) the primary transmitter whose transmission has been altered by the cable system; and (ii) any broadcast station within whose local service area the secondary transmission occurs.

(e) With respect to any secondary transmission that is made by a satellite carrier of a performance or display of a work embodied in a primary transmission and is actionable as an act of infringement under section 119(a)(5), a network station holding a copyright or other license to transmit or perform the same version of that work shall, for purposes of subsection (b) of this section, be treated as a legal or beneficial owner if such secondary transmission occurs within the local service area of that station.

(f)(1) With respect to any secondary transmission that is made by a satellite carrier of a performance or display of a work embodied in a primary transmission and is actionable as an act of infringement under section 122, a television broadcast station holding a copyright or other license to transmit or perform the same version of that work shall, for purposes of subsection (b) of this section, be treated as a legal or beneficial owner if such secondary transmission occurs within the local market of that station.

(2) A television broadcast station may file a civil action against any satellite carrier that has refused to carry television broadcast signals, as required under section 122(a)(2), to enforce that television broadcast station's rights under section 338(a) of the Communications Act of 1934.

Finally, the Copyright Act provides remedies for infringement, including injunctions:

## § 502. Remedies for infringement: Injunctions

(a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

(b) Any such injunction may be served anywhere in the United States on the person enjoined; it shall be operative throughout the United States and shall be enforceable, by proceedings in contempt or otherwise, by any United States court having jurisdiction of that person. The clerk of the court granting the injunction shall, when requested by any other court in which enforcement of the injunction is sought, transmit promptly to the other court a certified copy of all the papers in the case on file in such clerk's office.

## § 503. Remedies for infringement: Impounding and disposition of infringing articles[4]

(a)(1) At any time while an action under this title is pending, the court may order the impounding, on such terms as it may deem reasonable—

(A) of all copies or phonorecords claimed to have been made or used in violation of the exclusive right of the copyright owner;

(B) of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies of phonorecords may be reproduced; and

(C) of records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized under this subparagraph shall be taken into the custody of the court.

(2) For impoundments of records ordered under paragraph (1)(C), the court
shall enter an appropriate protective order with respect to discovery and use of any records or information that has been impounded. The protective order shall provide for appropriate procedures to ensure that confidential, private, proprietary, or privileged information contained in such records is not improperly
disclosed or used.

(3) The relevant provisions of paragraphs (2) through (11) of section 34(d) of the Trademark Act (15 U.S.C. 1116(d)(2) through (11)) shall extend to any impoundment of records ordered under paragraph (1)(C) that is based upon an ex parte application, notwithstanding the provisions of rule 65 of the Federal Rules of Civil Procedure. Any references in paragraphs (2) through (11) of section 34(d) of the Trademark Act to section 32 of such Act shall be read as references to section 501 of this title, and references to use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services shall be read as references to infringement of a copyright.

(b) As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phono records found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phono records may be reproduced.

§ 504. Remedies for infringement: Damages and profits[5]

(a) IN GENERAL. — EXCEPT as otherwise provided by this title, an infringer of copyright is liable for either —

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) ACTUAL DAMAGES AND PROFITS. — The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c) STATUTORY DAMAGES. —

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is

Tim McLanahan, pro se

rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

(3) (A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection.

Page _8_ of _11_                                    Tim McLanahan, pro se

(C) For purposes of this paragraph, the term "domain name" has the meaning given that term in section 45 of the Act entitled "An Act to provide for the registration and protection of trademark used in commerce, to carry out the provisions of certain international conventions, and for other purposes" approved July 5, 1946 (commonly referred to as the "Trademark Act of 1946"; 15 U.S.C. 1127).

(d) ADDITIONAL DAMAGES IN CERTAIN CASES. — In any case in which the court finds that a defendant proprietor of an establishment who claims as a defense that its activities were exempt under section 110(5) did not have reasonable grounds to believe that its use of a copyrighted work was exempt under such section, the plaintiff shall be entitled to, in addition to any award of damages under this section, an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such use during the preceding period of up to 3 years.

## § 505. Remedies for infringement: Costs and attorney's fees

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Title 17, U.S. Copyright Act.

The Defendants all conspired to infringe upon my copyrighted movie, and they are therefore liable for damages.

IV.  Intellectual Property Theft and Age Discrimination:

The Defendants are also liable for intellectual property theft and age

1Page  9  of  11                                      Tim McLanahan, pro se

discrimination under Federal law as they stole my intellectual property and

discriminated against me by refusing to accept my movie.

V.  Head On Damages:

The total revenue generated by Ghost Protocol was $694,710,000 through

theater ticket sales.  In addition, there were DVD and blue ray sales of

$144,500,000.  In addition, there were millions of dollars in movie rentals

and subscription sales by Ghost Protocol.

The film budget for Ghost Protocol was $145 million.

Because the Ghost Protocol film generated close to $1 billion, I am asking

for this amount in damages.

Date: 12-12-13

Tim McLanahan

10518 #2 Park Road

Moses Lake, WA  98837
(509) 771-3705

TABLE OF EXHIBITS:

A.  Proof of copyright for movie

Tim McLanahan, pro se



EXHIBIT A:



# Copyright
United States Copyright Office

Help | Search | History | Titles | Start Over

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Head On
Search Results: Displaying 36 of 299 entries

◄ previous | next ►



Labeled View

*Head on.*

**Type of Work:** Text
**Registration Number / Date:** TXu000843190 / 1998-06-30
**Title:** Head on.
**Description:** 1 v.
**Copyright Claimant:** Tim McLanahan, 1952- (author of anon. contribution)
**Date of Creation:** 1998
**Previous Registration:** Prev. reg. as Torn apart, 1982.
**Basis of Claim:** New Matter: revisions.
**Other Title:** Torn apart
**Names:** McLanahan, Tim, 1952-

◄ previous | next ►

**Save, Print and Email (Help Page)**

Select Download Format  Full Record ▼    Format for Print/Save

Enter your email address:    Email

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright
Copyright Office Home Page | Library of Congress Home Page



PRIORITY MAIL

USPS TRACKING #

9114 9011 9981 6742 4530 73

FROM: Tim McLanahan
10518 #2 Park Road
Moses Lake, WA 98837

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 17 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

TO: U.S. District Court
Clerks Office
312 North Spring Street
Attn: Room G-19, Pro Se Unit
Los Angeles, Calif.
90012

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

**PRIORITY**
**★ MAIL ★**

**TRACKED** ★ ★ ★ **INSURED** ★

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*

**UNITED STATES**
**POSTAL SERVICE** ®



EP14F July 2013
OD: 12.5 x 9.5



P S 0 0 0 0 1 0 0 0 0 1 4

★ Domestic only.  * For international shipments, the maximum weight is 4 lbs.

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) County of Residence of First Listed Plaintiff  *GRANT COUNTY, WASHINGTON*

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  *LOS ANGELES, CA*

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*TITLE 17, U.S. CODE - COPYRIGHT INFRINGEMENT*

Brief description of cause:
*CIVIL SUIT FOR COPYRIGHT INFRINGEMENT*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

**CV13-09381**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Attachment 2